CHISM MAIL BOX CO. et al. v. S. H. COUCH CO.

Circuit Court of Appeals. First Circuit. May 17, 1927.

No. 2100.

Patents ⊜328—No. 1,444,332, for mail receptable, held not infringed.

Patent No. 1,444,332, for mail receptacle, issued February 6, 1923, *held* not infringed, in view of limitation due to Steward patent, No. 1,104,153.

Appeal from the District Court of the United States for the District of Massachusetts; John A. Peters, Judge.

Patent infringement suit by the Chism Mail Box Company and others against the S. H. Couch Company. Decree for defendant, and plaintiffs appeal. Affirmed.

George A. Rockwell, of Boston, Mass., for appellants.

Hector M. Holmes, of Boston, Mass. (Fish, Richardson & Neave, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is the usual bill in equity, charging infringement of letters patent issued to L. W. Chism February 6, 1923, applied for February 25, 1922, for a mail receptacle. The claims in issue are 1, 2, and 3. They read as follows:

"1. A plurality of complete unitary receptacles adapted to be mounted in supported position in adjacency with their adjacent sides substantially in engagement to form a single group of combined receptacles, each said receptacles having a door swinging on an axis, the axes of said doors of all of said receptacles being in alignment, the said door of each receptacle being provided with means for engaging with the said doors of the receptacles on either side of such receptacle so that the said doors of all of the said receptacles, when arranged in combined relation, will all be connected together and move simultaneously to open or closed position.

"2. A plurality of mail delivery receptacles adapted to be mounted in supported position in adjacency, a door journaled in each of said receptacles, and means for actuating the door of each receptacle by the door of one of the next adjacent receptacles.

"3. A plurality of mail delivery receptacles adapted to be mounted in supported position in adjacency, a door pivotally mounted in each receptacle, and door actuating means carried by each door and adapted to cooperate with the door actuating means of the next adjacent receptacle to cause simultaneous movement of the one door by the movement of the other door."

The defenses are noninfringement and anticipation.

The Chism patent describes a particular method of connecting the individual units or boxes together to form a battery of boxes, the method of connection serving as the means for actuating the door of the adjacent and connected boxes.

The defendant does not employ the method of connection described in the Chism patent, nor does the plaintiff in its commercial structure. The question in issue is whether the plaintiff's claims are entitled to a broad construction, and include every feasible method of connecting the adjacent boxes together, or is restricted to the specific method described.

The idea of placing a number of receptacles together, so that they may be opened simultaneously by the postman, and each receptacle only opened by its respective occupant, is shown in the Steward patent, No. 1,104,153, of July 21, 1914, owned by the defendant.

While the specific form of construction disclosed in the specification and drawings of the Steward patent is a single receptacle, divided into compartments by partitions, the patentee states that he does not limit himself "to the specific structural details thus illustrated and described, but intends to cover all forms and arrangements which fall within the terms employed in the definitions of [his] invention constituting the appended claims." And in claim 1 of this patent, instead of limiting himself to a receptacle "having a series of vertical partitions," as he does in claims 2, 3, and 4, he specifically claims a device "comprising a plurality of connecting receptacles opened at the top," thereby disclosing that his structure might be composed of a series of individual boxes connected in any suitable manner.

In view of the prior art, as disclosed in the Steward patent, we regard the claims here in issue as limited to a structure comprising a plurality of individual units or boxes connected together in the specific way described in the Chism patent, and, so construed, not infringed.

The decree of the District Court is affirmed, with costs to the appellee in this court.